UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

THOMAS BRYANT,

        Plaintiff,

  -against-

MICHAEL CAPRA, Superintendent; &
SHENIQUA HICKSON

        Defendants.

------------------------------x

RECEIVED
SDNY PRO SE OFFICE
2021 FEB 22 AM 10: 31

**MEMO ENDORSED**

NOTICE OF MOTION TO VACATE
OR SET ASIDE THE COURT'S ORDER,
PURSUANT TO FRCP RULE (60)(B)
(6).

18-cv-10198 (KMK)

To: The Southern District of New York

    **PLEASE TAKE NOTICE** that upon the annexed Affidavit of Thomas Bryant, duly sworn to on the 15th day of Feb., 2021; and upon the Decision and Order entered by the Assigned Judge Kenneth M. Karas, of the United States District Court, Southern District of New York, on the 1st day of Feb., 2021; the Plaintiff will move the above named Judge at a Motion Term, Located at: The Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1313, on the ____ day of _____, 2021, at 10:00 o'clock a.m., or soon thereafter as the Plaintiff self represented may be heard, for an Order Vacating or Setting aside Judge Kenneth M. Karmas, Decision and Order entered on the 1st day of February, 2021; upon the following grounds:

    1) "Plaintiff has not fixed the problems indentified by the Court in the January Opinion" i.e. failing to demonstrate "that his desire to wrap his hair atop his head... is connected

to his atheist belief";

2) failing to allege "how wearing his hair up with no hair covering or a non-religious hair covering is part of his practice of atheism"; and

3) failing to allege "how I have a constitutionally protected interest in floor-length dreadlocks."

Pursuant to Rule 60 (B) (6) of the F.R.C.P. together with those grounds properly set forth in the Plaintiff's supporting affidavit accompanied and attached hereto.

Dated: Feb. 15, 2021

Ossining, New York

*Thomas Bryant*

Thomas Bryant #02A5545

Sing Sing Cor. Fac.

354 Hunter Street

Ossining, NY 10562

Plaintiff's application is denied, as it does not raise any new material facts or authority, or make a viable claim that the Court overlooked any authority.  It is Plaintiff's choice to forego exercise rather than cut his hair and avoid all need for a hair covering.  (See Dkt. No. 73 at 9–10; Dkt. No. 49 at 24.)  That Defendants have forced this choice does not burden Plaintiff's constitutional rights, because he has no constitutional right to wear floor-length dreadlocks.  (See Dkt. No. 73 at 9.)  Nor does Directive 4914 establish such a right, because prison regulations do not establish federal constitutional rights.  (See Dkt. No. 49 at 12; see also Dkt. No. 73 at 10.)

Plaintiff's Equal Protection claim is derivative of his First and Eighth Amendment claims, and fails to allege that he is similarly situated to inmates that cover their dreadlocks for religious reasons.  (See Dkt. No. 73 at 9.)

The Court declines to issue an injunction or appoint counsel, as both of these discretionary decisions hinge in part on the applicant's probability of success on the merits.  See N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc., 883 F.3d 32, 37 (2d Cir. 2018) (preliminary injunction); Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 203 (2d Cir. 2003) (appointment of counsel).
4/5/21

The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff

SO ORDERED

_____
KENNETH M. KARAS U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE

2021 FEB 22 AM 10: 31

---------------------------------X

THOMAS BRYANT,

         Plaintiff,

-against-

MICHAEL CAPRA, et al.,

AFFIDAVIT IN SUPPORT OF MOTION TO VACATE OR SET ASIDE THE COURT'S ORDER, PURSUANT TO FRCP RULE 60 (B)(6).

18-cv-10198 (KMK)

---------------------------------X

THOMAS BRYANT, declare under the penalty of perjury pursuant to §1746 of title 28 of the United States Code, that the foregoing statements are true and correct:

1. I am the above named Plaintiff in the entitled captioned proceeding and action.

2. I am familiar with all of the facts set forth in the instant motion.

3. I have a civil suit pending in the Northern District of New York. (See **Bryant v. Miller** et al., at 9:18-cv-00494-GTS-CFH).

4. In that case, some of the circumstances are similar to those in this case; however, the facts are different yet this Court, heavily relied on the Northern District's decisions without thoroughly evaluating the facts alleged in my second and third amended complaints.

5. By addressing my complaints from what was surmised in **Braynt v. Miller**, this court mistaken a rectangle for a square.

6. In other words, because both **Bryant v. Miller** and **Bryant v. Capra** have four corners, this Court considered both to be a match.

7. However, a square is how my complaint in the Northern District was treated, equal on all four sides and allowed the opportunity to fairly and equally be examined from all its' angles.

8. Whereas here, this Court unevenly decided like a rectangle to measure my complaint by its distance square counterparts without fully examining the unique difference of the two.

9. Thus, this Court's rulings were mismatched, uncoordinated and didn't fit as comfortably as the decisions made in my Northern District case, which was tailored specifically to fit the facts I presented them with.

10. Therefore, for the following reasons I ask this Court to get my facts "squared away," and to fairly analyze them according to how I presented them in my amended complaints.

11. For starters, I am not allowed to wear my hair up at all unless it's covered with a religious hair covering (see **Bryant v. Miller** for verification of this). However, because nobody has bothered me about wearing my dreadlocks wrapped up without a religious hair covering (within the facility) there has been no need to intiate a civil suit in those regards.

12. When I pointed out the TEDX event "with several prominent guests in attendance, (Id. 56; Pl.'s mem. 9)", that

2

was me attempting to show this Court the senselessness and maliciousness behind Defendant Hickson (Hickson) enforcing that I can not wrap my dreadlocks atop my head (of all places, the yard) unless I have them covered with a religious head covering.

13. It is under this premise that I sued said Defendant(s). It is my contention that by Hickson requiring me to wear a religious hair covering she infringed on my ability to practice my atheist belief, which is centered on me remaining free of religion and religious practices.

14. Furthermore, it is because of this order (under the threat of punishment should I disobey) that I was obliged to follow what she told me. See New State Department of Corrections and Community Supervision's (DOCCS) Institutional Rule, 106.10 Direct Order, which states, "All inmates are to comply with all personnel orders promptly and without argument."

15. I provided this Court with a copy of that rule. Moreover this court was aware that I alleged these facts because it reiterated that, "Plaintiff construed this as an order presenting him with a choice: either (1) "take his dreadlocks out [of] the wrapped fashion he had secured them in," or (2) "If he wanted to wear them like that [,] [they] had to have a religious hair covering [on them]," such as a Rastafarian Crown or tsalot-kob. According to Plaintiff, this order was limited to the prison yard...." See KMK at Document 73, p.2.

16. Despite knowing this, this Court assumed that "I was not going outside because of my own action", when it was actually

3

because of Hickson and Capra's actions that required me to forsaken my atheist practices in order to wrap my hair up while in the yard. But for that order, I would have been continuing to go outside.

17. Nevertheless, according to the standards of review for when deciding a Defendant's Motion to Dismiss, the facts I presented, as the non-movant, which was reiterated by this Court, was to be viewed by this Court as true, liberally, and favorably, which was not the case.

POINT I

I DID NOT FAIL TO DEMONSTRATE "THAT MY DESIRE TO WEAR MY DREAD-LOCKS ATOP MY HEAD... IS CONNECTED TO MY ATHEIST BELIEF."

18. One of the reasons this Court dismissed my complaint was because, "Plaintiff had not demonstrated that his desire to wrap his hair atop his head ... is connected to his atheistic beliefs." See this Court's Decision at case 7:18-cv-10198-KMK, Document 73, filed 02/01/21, p. 8 of 11 (this Court based its Decision off **Bryant v. Miller**, without paying attention to the distinctive differences between that case and this one).

19. For example, this Court alleged it had afforded me an opportunity to amend that particular defect; however, as it applies to the facts in my complaint, this Court was correct in that yes, "I did not demonstrate that [my] desire to wrap [my] hair atop [my] head ... is connected to [my] atheistic beliefs" because the matter of whether or not I had alleged the growing of my dreadlocks is part of my atheist belief is

4

not the issue, or is inconsequential, or of no consequence because the NYSDOCCS' Directive, #4914, Inmate Hair and Grooming Standards states in part, "Hair may be permitted to grow over the ears to any length desired by the inmate."

20. Thus, growing my dreadlocks is a state created liberty that doesn't require any religious justification. A copy of this Directive was provided to this Court for review.

21. Moreover, in my TAC I made it clear that I have dreadlocks that extends to the length of the floor, which I'm allowed to have, and to keep them from contacting the floor or ground I wrap them up.

22. My argument is not because of my atheist belief rather, for hygiene purposes why it's imperative that I wear my hair up. In addition to that argument, I am arguing how a ponytail which is the only alternative I'm allowed, would not suffice because that styling would only allow me to fasten my dreadlocks in the back of my head, where it would still be hanging down loosely and able to come in contact with the ground.

## POINT II

**I DID NOT FAIL TO ALLEGE HOW "WEARING MY HAIR UP WITH NO HAIR COVERING OR A NON-RELIGIOUS HAIR COVERING IS PART OF MY PRACTICE OF ATHEISM."**

23. Secondly, this Court dismissed my TAC because, "Here, in his TAC and opposition papers, Plaintiff still does not allege that wearing his hair up with no hair covering or a non-religious hair covering is part of his practice of atheism." See Document

5

73 at pp. 8 & 9 of 11.

24. On the contrary, it's my contention that Defendant Hickson requiring me to wear a religious hair covering, a tsa-lot-kob, a covering worn by Rastafarian inmates, imposed a substantial burden on my ability to practice my atheist belief, which is centered around me not partaking in religion and religious practices. See Pl.'s TAC at ¶'s 10-12, pp. 2 & 3.

25. Thus, as an atheist being told this (which this Court was to view favorably during the Motion to Dismiss stage) it's evident why I wanted to be exempt from wearing any religious hair coverings, and why I would request in the alternative to be allowed to wear my dreadlocks up unaided by any hair covering, or be allowed to wear a non-religious covering.

26. I never claimed that I had an atheist need to secure my dreadlocks in a non-religious covering. Nevertheless, I stand by my conviction that my atheist belief prohibits me from partaking in religion and religious practices, which is inclusive of all religious hair coverings; thus, I did not see the need to argue a point I didn't make, and this Court erred in attempting to make me do so.

27. Under the Free Exercise Clause of the 1st Amendment, I have a constitutionally protected right to practice my atheist belief (not to partake in religion and religious practices).

28. Under the Establishment Clause of the 1st Amendment, I have a constitutionally protected right to be free from being coerced, forced, and or encouraged to practice the tenets of

6

a religion ^not of my own choosing.

29. Furthermore, according to RLUIPA, a non-religious hair covering or allowing me to wear my dreadlocks without any covering would of been the least restricted means that the Defendants had within their authority to accommodate me. Instead, they failed to provide me this or any other type of relief.

30. My TAC accurately claimed how Defendant Hickson and Capra violated my 1st Amendment Rights. Moreover, I laid a coherent enough foundation for the Attorney General and Assistant Attorney General to argue from should they not concede to my facts.

### POINT III

**I DID NOT FAIL TO ALLEGE "HOW I HAVE A CONSTITUTIONALLY PROTECTED INTEREST IN FLOOR-LENGTH DREADLOCKS."**

31. Lastly, this Court dismissed my complaint because, "[H]e has not alleged a constitutionally protected interest in floor-length dreadlocks."

32. I beg to differ, it is axiomatic that an inmate has a constitutionally protected interest in growing his/her dreadlocks to any length desired since NYSDOCCS' Directive 4914 states "Hair is permitted to grow below the ears to any length desired by an inmate", which makes growing my dreadlocks "to any length desired" a state created liberty.

33. Therefore, not only do I have a constitutionally protected interest in growing my hair but also a protected interest in protecting them while allowing them to grow.

7

34. In this case, although I am allowed to grow my hair to any length desired, I am not allowed to protect them from coming in contact with the floor due in part, to DOCCS alleging there being no provisions in Directive 4914 that will allow me to simply wear it up. However, according to the rulings in **Bryant v. Miller,** inmates can be exempt from wearing their hair tied back in a ponytail, and allowed to wear their hair up providing it's in a religious hair covering, and in accordance to the hygiene and worship of their faith.

35. This is unfair to me as I have a hygienic need to keep my hair clean but because I am atheist, and not willing to practice the tenets of a religion via a religious hair covering, I am not afforded the same hygienic protection for my dreadlocks as other inmates who are similarly situated.

36. Under this premise I allege my constitutional rights under the Equal Protection Clause of the 14th Amendment is being violated. That claim is not duplicative of my 1st Amendment claims because this claim only challenges ... if other inmates with dreadlocks can be afforded an exemption than why can't I be afforded an exemption in order to protect my hair?

**In closing,** since July 13, 2018, in following Defendant Hickson's order I have been deprived of going outside to the yard due in part, to her order leaving me without a way to protect my dreadlocks, while in the yard, without having to violate my atheist belief. Her actions were confirmed by Defendant Capra who could have rescinded her order but he chose otherwise. In subsequence to their actions, and after exhausting all my remedies I sort relief from this Court from any and all religious

8

entanglements these two agents of the state has binded me to, and to be compensated for the injuries they caused me in the process.

I also ask that this Court reconsider its position on dismissing my claim and instead, allow the Defendants to show cause as to why I can not wear my dreadlocks up when in the yard without a religious hair covering. Furthermore, I ask that I be granted a preliminary injunction that will allow me the opportunity to go outside as described in my grievances, complaints, and photos until the outcome of this case. I also request that a lawyer be appointed to represent me as the quality of work will better assist this Court's understanding of the facts, thereby ensuring that I am not just being afforded "a bite at the apple", but the surety that this "apple" has been supplied with clean hands, and suitable to the palate's of a fair and impartial justice.

Dated: Feb. 15, 2021
Ossining, New York

X *Thomas Bryant*

Thomas Bryant #02A5545
Sing Sing Cor. Fac.
354 HUnter st.
Ossining, NY 10562

9

Thomas Bryant #02A5545
Sing Sing Corr. Fac.
354 Hunter Street

Ossining, NY 10562

February 15, 2021

Clerk
United States District Court
Southern District Of New York
The Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, New York, NY 10007-1313

Re: Bryant V. Capra, et al.
    18-cv-10198-KMK

Dear Clerk of the Court,

**PLEASE FIND ENCLOSED:** Notice of Motion to Vacate or Set Aside the Court's Order, and Affidavit in Support of that Motion.

I believe I have 10 days from the time I received the Judge's Order dismissing my complaint, which I received on the 8th day of February, 2021, so I should be well within the timeline.

Please deliver to the Judge for me. Thank you.

Very truly yours,
Thomas Bryant
Thomas Bryant

Thomas Bryant #02A5545
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

NEOPOST 02/17/2021
US POSTAGE $001.40
ZIP 10562
041M11288353

RECEIVED
FEB 19 2021
CLERK'S OFFICE
S.D.N.Y.

RECEIVED
SDNY PRO SE OFFICE
2021 FEB 22 AM 10:18

Clerk
United States District Court
Southern District of New York
The Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, New York, NY 10007-1313

Pro Se  JKR

LEGAL MAIL
PRIVILEGED & CONFIDENTIAL

USM P3
SDNY